Case 1:09-cv-00654-LPS   Document 18   Filed 03/31/10   Page 1 of 3 PageID #: 206

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN A. ROY, | : |
| Petitioner, | : |
| v. | : Civ. No. 09-654-JJF |
| PERRY PHELPS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

### MEMORANDUM ORDER

Petitioner Kevin A. Roy has filed a Motion For The Appointment Of Counsel. (D.I. 2.) Petitioner requests the appointment of counsel because he is 19 years old and the "prisoner layperson" who has been helping him with his case is scheduled to be transferred to a different housing unit.

Although a petitioner does not have a constitutional or statutory right to an attorney in a federal habeas proceeding,[1] a district court may seek legal representation by counsel for a petitioner who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the petitioner] resulting . . . from [the petitioner's] probable inability without such assistance to present the facts and legal issues to the court in

---

[1] See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); United States v. Roberson, 194 F.3d 408, 415 n.5 (3d Cir. 1999).

a complex but arguably meritorious case." Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984)); 18 U.S.C. § 3006A(a)(2)(B) (representation by counsel may be provided for a financially eligible petitioner when a court determines that the "interests of justice so require"). Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent petitioner include: (1) the merits of the petitioner's claim; (2) the petitioner's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the petitioner's ability to pursue such investigation; (5) the petitioner's capacity to retain counsel on his or her own behalf; and (5) the degree to which the case turns on credibility determinations or expert testimony. Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002); Tabron, 6 F.3d at 155-56.

After reviewing Petitioner's Motion and the documents filed, the Court concludes that the case is not so factually or legally complex at this juncture that requesting an attorney to represent Petitioner is warranted. Petitioner's filings in this case demonstrate his ability to articulate his claims and represent himself. In addition, it does not appear that expert testimony

will be necessary or that the ultimate resolution of the Petition will depend upon credibility determinations. Thus, in these circumstances, Petitioner's Motion For The Appointment Of Counsel (D.I. 2.) is **DENIED** without prejudice to renew.

<div style="display:flex;justify-content:space-between;">
<div>3/31/2010<br>DATE</div>
<div>_____<br>UNITED STATES DISTRICT JUDGE</div>
</div>