IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KEVIN A. ROY,

      Petitioner,

v.

PERRY PHELPS, Warden, and JOSEPH
R. BIDEN, III, Attorney General
of the State of Delaware,

      Respondents.

Civ. Act. No. 09-654-LPS

---

Kevin A. Roy. *Pro se* Petitioner.

James Turner Wakley, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondent.

---

**MEMORANDUM OPINION**

April 1, 2011
Wilmington, Delaware

**Stark, District Judge:**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Kevin A. Roy ("Petitioner"). (D.I. 3) For the reasons discussed, the Court will dismiss the Petition as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d).

## BACKGROUND

In June 2005, Petitioner was indicted on charges of first degree murder, possession of a firearm by a person prohibited, and two drug-related offenses. Petitioner pled guilty to manslaughter and possession of a firearm by a person prohibited, and the Superior Court sentenced him on April 5, 2006 to a total of 35 years of imprisonment. (D.I. 14, Del. Super. Ct. Crim. Dkt. Entry No. 27) Petitioner filed a motion for modification of sentence on July 6, 2006, which the Superior Court denied on August 9, 2006. (D.I. 14, Del. Super. Ct. Crim. Dkt. Entry Nos. 30, 31)

On March 10, 2008, Petitioner filed a *pro se* notice of appeal from his February 2006 conviction, which the Delaware Supreme Court dismissed as untimely. *Roy v. State*, 945 A.2d 1168 (Table), 2008 WL 802282, at *1 (Del. Mar. 27, 2008). Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 on May 1, 2008, as well as a state petition for a writ of habeas corpus on May 20, 2008. (D.I. 14, Del. Super. Ct. Crim. Dkt. Entry Nos. 37, 38) The Superior Court denied the petition for writ of habeas corpus on August 28, 2008. (D.I. 14, Del. Super. Ct. Crim. Dkt. Entry No. 39) The Superior Court summarily dismissed Petitioner's Rule 61 motion on January 23, 2009; Petitioner filed a motion for re-argument, and the Superior Court denied that motion March 10, 2009. (D.I. 14, Del.

1

Super. Ct. Crim. Dkt. Entry Nos. 46, 47, 49) Petitioner appealed the Superior Court's decision, and the Delaware Supreme Court affirmed that judgment on July 15, 2009. (D.I. 14, Del. Super. Ct. Crim. Dkt. Entry No. 51)

The instant Petition is dated August 29, 2009 and time-stamped as received by the clerk's office on September 1, 2009. (D.I. 3) The State filed an Answer, asserting that the Petition should be dismissed as time-barred. (D.I. 12)

## **ONE YEAR STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 23, 1996. The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. *See* 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v.*

*Florida*, \_\_\_ U.S. \_\_\_, 130 S.Ct. 2549, 2560 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

## **DISCUSSION**

Petitioner's § 2254 Petition, dated and filed in 2009, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Because Petitioner does not allege, and the Court does not discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D), the one-year period of limitations in this case began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner fails to appeal a state court judgment of conviction within the time allowed under state law, the judgment of conviction becomes final, and the one-year period begins to run upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced Petitioner on April 5, 2006. Pursuant to Delaware law, Petitioner had thirty days in which to file a timely notice of appeal. *See* Del. Supr. Ct. R. 6(a)(ii) (establishing 30-day period for timely filing notice of appeal). Petitioner, however, did not file his notice of appeal until two years after the imposition of his sentence, and the Delaware Supreme Court dismissed the appeal as untimely. In these circumstances, Petitioner's judgment of conviction became final on May 5, 2006, thirty days after his date of sentencing.

Applying the one-year limitations period, Petitioner had until May 5, 2007 to timely file his Petition. *See Wilson v. Beard*, 426 F.3d 653, 662-66 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner did not file the instant Petition until August 29, 2009,[1] more than two years after the expiration of the limitations period. Thus, his habeas Petition is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

**Statutory Tolling**

A "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" will toll AEDPA's limitations period during the time the collateral action is pending in the state courts, including any post-conviction appeals. *See* 28 U.S.C. § 2244(d)(2). A "properly filed application" for statutory tolling purposes is an application that is submitted in accordance with the state's procedural rules, such as rules governing time and place of filing. *See Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir. 1998). Statutory tolling under § 2244(d)(2) is only available when the application for collateral review is filed and pending in the state court prior to the expiration of AEDPA's limitations period. *See Swartz v. Meyers,* 204 F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor,* 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002).

Here, Petitioner filed his Rule 61 motion on May 1, 2008, approximately one year after the expiration of AEDPA's limitations period. Thus, that motion has no statutory tolling effect.

---

[1]Pursuant to the prison mailbox rule, a *pro se* prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003); *Woods v. Kearney,* 215 F. Supp. 2d 458, 460 (D. Del. 2002) (stating date on petition is presumptive date of mailing and, thus, of filing). Applying this rule to the instant case, the Court adopts August 29, 2009 as the date of filing, because that is the date on the Petition.

**Equitable Tolling**

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. *See Holland*, 130 S.Ct. at 2560. A petitioner qualifies for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562. The obligation to exercise reasonable diligence applies to a petitioner's pursuit of relief in the state courts, as well as to the filing of his federal habeas petition. *See LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005).

The Third Circuit has specifically cautioned courts to be "sparing in their use of this doctrine, applying equitable tolling only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Id.* at 275-76. In other words, the principles of equitable tolling do not extend to "garden variety claims of excusable neglect." *Irwin v. Dep't of Veteran's Affairs*, 498 U.S. 89, 96 (1990); *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004).

One of the claims asserted by Petitioner in his Rule 61 motion was that he did not receive a reverse-amenability proceeding as permitted by Delaware law.[2] The Delaware Superior Court denied this claim after determining that Petitioner did, in fact, receive a reverse-amenability proceeding on December 5, 2005, and that Petitioner had been present at the hearing.

Now, in this proceeding, Petitioner alleges that the Superior Court misconstrued the import of his reverse-amenability claim, because the underlying premise of that argument was that he never had an opportunity to challenge the State's improper act of "overcharging" him with first degree intentional murder rather than manslaughter or criminally negligent homicide.

---

[2]A motion for a reverse-amenability proceeding seeks to have a juvenile defendant's criminal charges transferred from the Superior Court to the Family Court. *See* Del. Code Ann. tit. 10, §1011(c).

5

Petitioner asserts two "extraordinary circumstances" to justify his failure to present the "overcharge" argument in a timely filed Petition. First, he thought that the hearing held on December 5, 2005 was a suppression hearing when it was conducted, not a reverse-amenability hearing, because he was only 16 year old at the time, and the hearing was never entered on his Superior Court criminal docket. Second, his limited access to the prison law library impeded his ability to investigate and present his claims. (D.I. 3 at 15)

With respect to Petitioner's first "extraordinary circumstance," he is, in essence, arguing that he mistakenly asserted a factually baseless claim about the Superior Court's failure to provide him with a reverse-amenability hearing, because he was a juvenile at the time of the hearing and because the hearing was never entered on the Superior Court docket. The Court is not persuaded. It is well-settled that a prisoner's lack of legal knowledge or limited education does not amount to an extraordinary circumstance for equitable tolling purposes. *See LaCava*, 398 F.3d at 276 (reiterating that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling") (internal citation omitted); *Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002) (stating petitioner's lack of legal knowledge does not constitute extraordinary circumstance for equitable tolling purposes). Therefore, Petitioner's ignorance regarding the legal or formal name for the reverse-amenability hearing does not trigger equitable tolling.

As for Petitioner's contention that his young age at the time of the reverse-amenability proceeding constitutes an extraordinary circumstance, the Court notes that the Third Circuit has not expressly addressed whether a petitioner's youth can, or should, constitute an extraordinary

circumstance. Nevertheless, even if the Court were to assume, arguendo, that AEDPA's one-year period could be tolled during Petitioner's status as a juvenile, such tolling would not render the instant Petition timely filed. *See, e.g., Murphy v. Strack*, 9 F. App'x 71, 74 (2d Cir. May 21, 2001) (discussing tolling limitations period until petitioner reaches age of majority). For the purpose of acting on one's own behalf in a court of law, the age of majority in Delaware is eighteen. *See* Del. Code Ann. tit. 1, § 701 (setting age of majority at 18 years); Del. Code Ann. tit. 10, § 3923 (prosecution and defense of actions involving persons age 18 or older). Petitioner turned eighteen on April 20, 2007, giving him until April 20, 2008 to timely file the instant Petition. Petitioner, however, waited until August 29, 2009 to file his Petition, which was still more than one year too late.

Petitioner's second "extraordinary circumstance" – limited library access – fares no better. A prisoner's limited access to a law library is a routine aspect of prison life, which is generally insufficient to trigger equitable tolling. *See Garrick v. Vaughn*, 2003 WL 22331774, at *4 (E.D. Pa. Sept. 5, 2003) ("Routine aspects of prison life such as lockdowns, lack of access to legal resources, and disturbances . . . do not constitute extraordinary circumstances sufficient to equitably toll the statute of limitations.") (collecting cases). Additionally, in this case, Petitioner has not demonstrated how his alleged limited access *actually* prevented him from timely filing the instant Petition. *See Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (requiring prisoner to demonstrate causal relationship between alleged extraordinary circumstances and his late filing); *Bunting v. Phelps*, 687 F. Supp. 2d 444, 448 (D. Del. 2009). Therefore, the Court concludes that Petitioner's assertions fail to establish the existence of extraordinary circumstances warranting equitable tolling.

The Court also concludes that Petitioner has not satisfied the "reasonable diligence" requirement necessary to trigger equitable tolling. Petitioner waited almost two full years to file a notice of appeal from his conviction and sentence, which was almost one full year after he reached the age of majority. Petitioner also waited more than two years after reaching the age of majority to file the instant Petition. Even if Petitioner's failure to exercise reasonable diligence was due to a mistake or miscalculation regarding AEDPA's one-year filing period, such a mistake does not warrant equitable tolling. *See Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). In short, the lapse of time between each relevant event demonstrates that Petitioner did not diligently pursue his claims.

Accordingly, having determined that there is no basis for equitably tolling AEDPA's limitations period, the Court will dismiss the Petition as untimely.[3]

## **CERTIFICATE OF APPEALABILITY**

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, a federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue

---

[3]A letter request from Petitioner to voluntarily dismiss the Petition was filed on September 27, 2010, and docketed as a motion to voluntarily dismiss. (D.I. 27) Given the late timing of this request and the Court's uncertainty that letter was actually penned by Petitioner, the Court will deny the motion.

a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that Petitioner's habeas Petition does not warrant relief because it is time-barred. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## **CONCLUSION**

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.